**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON**

| | |
|---|---|
| **859 BOUTIQUE FITNESS LLC,** | **CIVIL ACTION NO. 5:16-cv-018-KKC** |
| Plaintiff, | |
| V. | **MEMORANDUM OPINION AND ORDER** |
| **CYCLEBAR FRANCHISING, LLC,** | |
| Defendant. | |

This matter is before the Court on Defendant CycleBar Franchising, LLC's ("CycleBar") Motion to Dismiss Plaintiff 859 Boutique Fitness LLC's ("Boutique Fitness") Complaint. (DE 9). For the reasons set forth below Defendant's motion will be granted.

## I. BACKGROUND

On January 19, 2016, CycleBar removed this action from the Fayette Circuit Court. (DE 1.) With its Complaint, Boutique Fitness seeks damages in excess of $25,000,000 for lost profits and detrimental reliance following CycleBar's refusal to make Boutique Fitness its franchisee in the St. Louis area. (DE 1-1 at 3–6.) In September of 2015, CycleBar entered into negotiations with Boutique Fitness regarding the possibility of granting a 10-year franchise to Boutique Fitness for an indoor cycling studio in the St. Louis area. (DE 1-1 at 3.) During a November 11, 2015, "Closing Call" Boutique Fitness's members signed a Franchise Agreement (the "Agreement") and CycleBar allegedly represented that its executives "had executed the Franchise Agreement immediately." (DE 12 at 1.) However, two days later, CycleBar's general counsel informed Boutique Fitness that it had decided not to grant Boutique Fitness a franchise, stated that CycleBar would be refunding

Boutique Fitness's franchise fees, and attached a voided copy of the Agreement signed only by Boutique Fitness's members. (DE 1-1 at 72.)

With its motion, CycleBar seeks dismissal of all seven Counts set forth in the Complaint. CycleBar represents (1) that Boutique Fitness's breach of contract and promissory estoppel claims are barred by Kentucky's statute of frauds; (2) that the Complaint fails to identify any warranty upon which the breach of warranty claim might succeed; (3) that neither the Kentucky Consumer Protection Act provisions, nor the deceptive trade practices regulations cited by Boutique Fitness create private rights of action; (4) that punitive damages are a remedy rather than an independent cause of action; and (5) that Boutique Fitness's misrepresentation claim does not satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b). (DE 9-1.)

## II. ANALYSIS

### A. FEDERAL RULE 12(B)(6) DISMISSAL

A court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff fails to provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true, but the factual allegations must "raise a right to relief above the speculative level." *Id.* at 555. The complaint must "contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (internal quotation marks omitted). Failure to include plausible factual allegations for all material elements necessary for recovery warrants dismissal. *Id.*

**B. STATUTE OF FRAUDS**

KRS § 371.010 sets forth Kentucky's statute of frauds, it provides that:

> No action shall be brought to charge any person . . . [u]pon any agreement that is not to be performed within one year from the making thereof; unless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged therewith, or by his authorized agent.

KRS § 371.010(7). A statute of frauds defense, while not normally part of a motion to dismiss for failure to state a claim, "is appropriate where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense[.]" *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008). The Complaint attaches the allegedly breached Agreement, which was to be effective for a ten year term. (DE 1-1 at 22.) Yet, this writing is signed only by Boutique Fitness's members, and Boutique Fitness does not allege that a writing signed by CycleBar or any of its authorized representatives exists. Consequently, Count I must be dismissed as the breach of contract claim is barred by the statute of frauds.

Boutique Fitness's Count II pursues a promissory estoppel theory as an alternative basis for recovery. (DE 1-1 at 5–6) Boutique Fitness contends that it justifiably relied on Cyclebar's promise to execute the franchise agreement and, thus, that it may still recover in equity. (DE 12 at 6–7.) Boutique Fitness's assertion that the statute of frauds does not bar a promissory estoppel claim is belied by 2005 and 2009 Kentucky Supreme Court decisions that significantly narrow, if not entirely abrogate, the 1999 decision upon which Boutique Fitness relies. *See Sawyer v. Mills*, 295 S.W.3d 79, 90 (Ky. 2009), as modified (Nov. 2, 2009); *Farmers Bank & Trust Co. of Georgetown, Kentucky v. Willmott Hardwoods, Inc.*, 171 S.W.3d 4, 10 (Ky. 2005); *United Parcel Service Co. v. Rickert*, 996 S.W.2d 464 (Ky. 1999).

The *Willmott Hardwoods* Court held that: "[t]he Court of Appeals incorrectly inferred from *Rickert* that detrimental reliance is a bar to the statute of frauds; [a]ll that may be deduced from *Rickert* concerning the statute of frauds is that in a fraud or promissory estoppel action *involving a promise of employment*, it does not act as a bar." *Willmott Hardwoods*, 171 S.W.3d at 10 (emphasis added). More recently, the *Sawyer* Court characterized the *Rickert* Court's position on the statute of fraud's effect as "dicta," and went on to cite with approval the Seventh Circuit's position that "the statute of frauds is applicable to a promise claimed to be enforceable by virtue of the doctrine of promissory estoppel." *Sawyer*, 295 S.W.3d at 90 (quoting *Architectural Metal Systems, Inc. v. Consolidated Systems, Inc.*, 58 F.3d 1227, 1231 (7th Cir. 1995) (Posner, J.)). This Court joins with other federal district courts in this state in holding that promissory estoppel cannot be used to enforce an agreement that is left otherwise unenforceable by Kentucky's statute of frauds. *See, e.g.*, *In re Ziegler*, No. 12-50915, 2013 WL 66078, at *4 (Bankr. E.D. Ky. Jan. 4, 2013); *Equiventure, LLC v. Wheat*, No. 5:09-CV-93, 2012 WL 2089532, at *8 (W.D. Ky. June 8, 2012). Thus, Count II will also be dismissed.

**C. BREACH OF WARRANTY**

Count III alleges breach of "actual and implied warranties made by CycleBar to [Boutique Fitness], when CycleBar offered a franchise to [Boutique Fitness] . . . and subsequently wrongfully terminated the contract." (DE 1-1 at 7.) Boutique Fitness concedes that "[u]nder Kentucky law, liability for breach of warranty is governed by the terms of the contract and statutory provisions of Kentucky's Uniform Commercial Code." *Waterfill v. Nat'l Molding Corp.*, 215 F. App'x 402, 405 (6th Cir. 2007) (citing *Williams v. Fulmer*, 695 S.W.2d 411, 413 (Ky. 1985)). Notwithstanding Boutique Fitness's contention that the "Franchise Agreement was to be executed during the Closing Call in accordance with the

4

express representations of CycleBar," there remains no allegation that the Agreement was ever *actually* executed. (DE 12 at 9.) As explained above, this deficiency is fatal to Boutique Fitness's breach of contract and promissory estoppel claims, and it is equally determinative for Boutique Fitness's Count III. There is no enforceable contract between the parties, and Boutique Fitness has not offered any theory for relief under Kentucky's Uniform Commercial Code. Because Count III does not identify any warranty that could be enforced under Kentucky law, it fails to state a claim upon which relief could be granted.

### D. KENTUCKY CONSUMER PROTECTION ACT

Boutique Fitness's Count V contends that CycleBar made false, misleading, and deceptive representations in violation of the Kentucky Consumer Protection Act ("KCPA"). (DE 1-1 at 8.) However, the KCPA only provides a private cause of action for an individual "who purchases or leases goods or services primarily for personal, family or household purposes[.]" KRS § 367.220(1). The Complaint reveals no such purchase or lease and thus, the KCPA authorizes no claim upon which relief could be granted.[1]

### E. COUNTS VI & VII

Boutique Fitness has acknowledged that the deceptive trade practice allegations contained in Count VI are based on regulations, 16 C.F.R. Part 436, that do not create a private right of action. (DE 12 at 11.)[2] Although Boutique Fitness seeks to voluntarily

---

[1] The Court notes that CycleBar has requested attorney's fees as the "prevailing party" on this claim. (DE 13 at 9.) The statute places discretion for such awards in the hands of the trial court. *See Alexander v. S & M Motors, Inc.*, 28 S.W.3d 303, 305 (Ky. 2000) (interpreting the text of KRS 367.220(3)). However, Kentucky's highest court has held that "a trial court's polar star when considering a motion for attorney fees under the KCPA is keeping the courthouse door open for those aggrieved by violations of the act." *Id.* at 306. This Court does not find that an award of attorney's fees under the circumstances presented would advance the animating purpose of the KCPA's fee shifting provision. Accordingly, to the extent this motion to dismiss seeks attorney's fees, it is denied.
[2] Plaintiff seeks voluntary dismissal without prejudice. Given that Plaintiff has not filed a notice of dismissal, an order of this Court is necessary to effectuate a voluntary dismissal. Fed. R. Civ. P. 41(a). This Court has discretion to condition dismissal on terms it considers appropriate. Since

dismiss Count VI, it maintains that the punitive damages claim set forth in Count VII need not be dismissed—notwithstanding its concession that no separate cause of action is available for a punitive damages claim. (DE 12 at 13.) Boutique Fitness contends that dismissal of this *Count* would needlessly exalt substance over form because the *remedy* of punitive damages would remain available if its other claims were successful. (DE 12 at 13.) Whether or not punitive damages would be available to Boutique Fitness as a remedy, the fact remains that Boutique Fitness styled Count VII as a separate cause of action. (DE 1-1 at 10.) Consequently, to the extent Boutique Fitness asserts punitive damages as a separate cause of action, the claim must be dismissed. *See Toon v. City of Hopkinsville*, No. 5:09-CV-37, 2011 WL 1560590, at *3 n.6 (W.D. Ky. Apr. 14, 2011), *on reconsideration in part*, No. 5:09-CV-37, 2011 WL 1885406 (W.D. Ky. May 18, 2011) ("A claim for punitive damages is not a separate cause of action, but rather an available remedy.").

### E. MISREPRESENTATION CLAIMS

Defendant's challenge to Count IV requires separate consideration because it seeks dismissal under Federal Rule of Civil Procedure 9(b)'s ("Rule 9(b)") heightened pleading standards. "Under this rule, a plaintiff must specify 1) what the fraudulent statements were, 2) who made them, 3) when and where the statements were made, and 4) why the statements were fraudulent." *Morris Aviation, LLC v. Diamond Aircraft Indus., Inc.*, 536 F. App'x 558, 562 (6th Cir. 2013) (internal citation omitted). This Circuit's precedent counsels application of Rule 9(b)'s fraud pleading requirements to both the negligent-misrepresentation and fraudulent-misrepresentation claims alleged in Count IV. *Id.*

---

Plaintiff has conceded that there is no private right of action under 16 C.F.R. Part 436, it is unclear what purpose would be served by dismissing this claim without prejudice. In any event, Plaintiff's concession provides grounds for dismissal with prejudice, whether voluntary or involuntary. Accordingly, Count VI will be dismissed with prejudice.

This Court finds that Boutique Fitness has met its burden, though narrowly, to identify the alleged fraudulent statements. The first prong of the pleading requirement is adequately addressed by Count IV's reference to the "representations made by CycleBar to 859 Boutique Fitness, which are described herein." (DE 1-1 at 7.) Given the lenient lens through which a Complaint must be viewed on a motion to dismiss, this general statement will be construed to reference the only potentially relevant express statements identified in the Complaint: CycleBar's alleged representations that the Franchise Agreement's terms were agreeable, "and that CycleBar executives had executed the Franchise Agreement immediately." (DE 1-1 at 3.) Prongs two and three of Rule 9(b) are similarly satisfied. The Complaint alleges these statements were made during a "closing call with the CycleBar executive team on or about November 11, 2015[.]" (DE 1-1 at 3.)

Rule 9(b)'s fourth prong is more substantial than its three predecessors, what makes a given representation "fraudulent," and by implication whether a given plaintiff has adequately alleged fraudulence, must be determined in reference to the legal basis for the claim asserted. In Kentucky, a fraudulent misrepresentation claim requires clear and convincing evidence:

> (1) that the declarant made a material representation to the plaintiff, (2) that this representation was false, (3) that the declarant knew the representation was false or made it recklessly, (4) that the declarant induced the plaintiff to act upon the misrepresentation, (5) that the plaintiff [reasonably] relied upon the misrepresentation, and (6) that the misrepresentation caused injury to the plaintiff.

*Flegles, Inc. v. TruServ Corp.*, 289 S.W.3d 544, 548–49 (Ky. 2009). Assuming that the statements were made as alleged, the Complaint clearly satisfies the first four elements of the prima facie claim. If the Franchise Agreement was claimed to have been signed immediately, Boutique Fitness's attachment of the unsigned, voided Contract is a sufficient

7

showing of falsity. Likewise, the CycleBar executive's representation that the Agreement was signed immediately was at least reckless. A corporate executive would, at minimum, have to recklessly disregard his or her surroundings to "honestly" claim the existence of an ongoing or "immediately" impending act that never actually occurred. Finally, inducement is sufficiently alleged by Boutique Fitness's immediate wiring of $59,500.00 in franchise and training fees to Defendant ("Franchise Fees").

However, even ignoring this Court's concerns about the reasonableness of Boutique Fitness's reliance on the alleged misrepresentations,[3] Boutique Fitness has not alleged any causal relationship between CycleBar's statements and any injury with sufficient particularity to avoid dismissal. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003) ("The Sixth Circuit interprets Rule 9(b) as requiring plaintiffs to allege . . . the injury resulting from the fraud.") (internal quotation omitted). The only act that Boutique Fitness alleges it was induced to take during the period when reliance might have been reasonable—from the alleged misrepresentation on November 11, 2015, and its receipt of an e-mail eliminating any doubt as to whether the Agreement had actually been executed—was to wire the $59,500.00 in franchise fees. Yet, the Complaint does not allege an injury resulting from this transfer; instead it quotes CycleBar's expressed intention to refund the franchise fees. Because Boutique Fitness fails to allege a nexus between any purported misrepresentation and any injury it suffered with reasonable particularity, Count IV will

---

[3] "[T]he law imposes upon recipients of business representations a duty to exercise common sense. *Flegles, Inc. v. TruServ Corp.*, 289 S.W.3d 544, 549 (Ky. 2009). Given the importance of the alleged misrepresentation's subject matter—an Agreement Plaintiff now values at $2,500,000—and the ease with which this essential claim might have been verified—the parties were clearly utilizing an electronic contract transfer service—the Court must question whether Plaintiff has adequately pled "justifiable" reliance. *See Morris Aviation, LLC v. Diamond Aircraft Indus., Inc.*, 536 F. App'x 558, 565 (6th Cir. 2013) ("[Plaintiff] was making a significant investment and spent months researching and negotiating. Such an individual is not relieved of [its] duty to perform due diligence[.] [Plaintiff] had some obligation to exercise [its] common sense and obtain confirmation of readily available, independently verifiable facts.")

also be dismissed.[4] *See* Fed. R. Civ. P. 9(b) ("In alleging fraud . . . a party must state with particularity the circumstances constituting fraud[.]).

Finally, Count IV is the only portion of the Complaint for which dismissal with prejudice appears inappropriate. This Circuit favors a liberal policy towards allowing amendment unless such amendment would clearly be futile. *Newberry v. Silverman*, 789 F.3d 636, 646 (6th Cir. 2015) (holding that dismissal "without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment") (internal citations omitted). Accordingly, although Boutique Fitness's misrepresentation fails under Rule 9(b)'s heightened pleading standard, Count IV will be dismissed without prejudice and with leave to amend.

### III. CONCLUSION

In sum, none of the Counts alleged state a claim upon which relief could be granted. Boutique Fitness's contract and promissory estoppel claims are barred by Kentucky's statute of frauds. Boutique Fitness's breach of warranty claim fails to identify any applicable warranty. Counts V, VI, and VII set forth theories of liability for which there are no independent, private rights of action. Finally, Boutique Fitness's misrepresentation claims fail to identify with particularity any damages that stemmed from reliance on CycleBar's statements, the Complaint's "formulaic recitation of the [causation] element[] . . . will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

[4] Although Count IV asserts an alternative negligent misrepresentation theory, as noted previously, Rule 9(b)'s particularity requirement is equally applicable to a negligent misrepresentation claim. A prima facie negligent misrepresentation claim would also require a causation allegation. *See Presnell Const. Managers, Inc. v. EH Const., LLC*, 134 S.W.3d 575, 580 (Ky. 2004) (adopting the tort of negligent misrepresentation and creating "liability for pecuniary loss *caused to them by their justifiable reliance* upon" negligently provided information). Thus, separate analysis of the negligence theory is unnecessary because it would fail for the same reasons as the fraud theory.

Accordingly, **IT IS ORDERED** as follows:

1. Defendant's Motion to Dismiss (DE 9) is **GRANTED**;

2. Plaintiff's Counts I, II, III, V, VI, and VII are **DISMISSED WITH PREJUDICE**;

3. Plaintiff's Count IV is **DISMISSED WITHOUT PREJUDICE** with leave to file an amended misrepresentation claim within 30 days of the entry of this order.

Dated May 5, 2016.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY