UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **859 BOUTIQUE FITNESS, LLC,** | CIVIL ACTION NO. 5:16-cv-018-KKC |
| **Plaintiff,** | |
| V. | **OPINION AND ORDER** |
| **CYCLEBAR FRANCHISING, LLC,** | |
| **Defendant.** | |

*** *** ***

This matter is before the Court on Plaintiff 859 Boutique Fitness, LLC's ("Boutique Fitness") motion to remand. (DE 17). Defendant CycleBar Franchising, LLC ("CycleBar") filed a notice of removal on January 19, 2016 (DE 1). Plaintiff seeks remand, pursuant to 28 U.S.C. § 1332(a)(1), alleging that this Court no longer has jurisdiction because the amount in controversy no longer exceeds the $75,000 requisite. (DE 17). For the reasons stated below, the Court will deny Plaintiff's motion.

## I. BACKGROUND

Boutique Fitness filed its complaint on December 22, 2015, in Fayette Circuit Court. Boutique Fitness is a Kentucky limited liability company that does business in the Commonwealth of Kentucky, with its principal office located in Lexington, Fayette County, Kentucky. (DE 1-1). CycleBar is an Ohio limited liability company that does business in the Commonwealth of Kentucky with its principal office located in Cincinnati, Ohio. (DE 1-1). CycleBar removed this action on January 19, 2016, pursuant to 28 U.S.C. §§ 1441 and 1446, citing complete diversity and an amount in controversy exceeding $75,000. (DE 1). Boutique Fitness' original complaint sought damages exceeding $25,000,000 for lost profits and detrimental reliance. (DE 1).

CycleBar filed a motion to dismiss on January 26, 2016. (DE 9-1). CycleBar argued that there was no enforceable franchise agreement between the parties because the agreement was never signed by CycleBar and was marked "void" on every page. (DE 13). This Court dismissed six of seven counts of the complaint with prejudice and granted Boutique Fitness leave to amend the remaining count. (DE 15). On June 2, 2016, Boutique Fitness filed an amended complaint, stating that it "expended tremendous resources in furtherance of its contractual relationship with CycleBar . . . in amount not exceeding $74,383.79." (DE 16 at 3.)

Subsequently, Boutique Fitness filed the instant motion seeking remand. (DE 17). CycleBar responds that Boutique Fitness' claimed amount in controversy dropped from over $2,500,000 in damages in the original complaint to $74,383.79 in the amended complaint–an amount just below the threshold requirement for 28 U.S.C. § 1332(a)(1). (DE 17). CycleBar states that this Court cannot be deprived of jurisdiction by reduction of the amount in controversy after removal. (DE 19 at 1–2).

## II. ANALYSIS

When evaluating a motion to remand, courts consider whether federal jurisdiction existed at the time the notice of removal was filed. When CycleBar filed its notice of removal, this Court's jurisdiction properly attached, and it was not ousted by Plaintiff's amendment of the amount in controversy after removal.

Generally, a defendant may remove any civil action over which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a). This Court's original jurisdiction extends to civil actions where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). The defendant bears the burden of proving that the

2

jurisdictional requirements have been met when removal is based on diversity of citizenship. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

For purposes of a motion to remand, a district court considers "the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)). The Plaintiff's complaint at the time of removal controls a district court's subject matter jurisdiction inquiry when the case is based on diversity jurisdiction. *O'Keefe v. Mercedes-Benz United States, LLC*, 214 F.R.D. 266, 279 (E.D. Pa. 2003); see *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291–92 (1938). Even if a "plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *St. Paul Mercury Indem. Co.*, 303 U.S. at 292.

When CycleBar filed its notice of removal, damages exceeding $2,500,000 were in dispute, clearly satisfying the jurisdictional requirement. Plaintiff's amended complaint emphasizes that the amount in controversy is now only $74,383.79, an amount just below the jurisdictional threshold. However, "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *St. Paul*, 303 U.S. at 293.

"Simply put, a plaintiff cannot defeat federal jurisdiction by agreeing to seek no more than $75,000 after the action has been removed to federal court." *Nave v. Hilton Worldwide, Inc.*, 2014 WL 3585401, at *2 (E.D. Ky. July 21, 2014). The amount that was considered for jurisdictional purposes was the amount in the original complaint—over $2,500,000. Thus, the jurisdictional amount requirement was met, and removal was proper. This rule is

3

"grounded not only in precedent, but also in sound policy." *Rogers*, 230 F.3d at 872. "If the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice." *St. Paul*, 303 U.S. at 294.

Accordingly, **IT IS ORDERED** that Plaintiff's motion to remand (DE 17) is **DENIED**.

Dated August 18, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY