UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **859 BOUTIQUE FITNESS LLC,** | **CIVIL ACTION NO. 5:16-cv-00018-KKC** |
| Plaintiff, | |
| V. | **MEMORANDUM OPINION AND ORDER** |
| **CYCLEBAR FRANCHISING, LLC,** | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant CycleBar Franchising, LLC's ("CycleBar") Motion to Dismiss Plaintiff 859 Boutique Fitness LLC's ("Boutique Fitness") First Amended Complaint. (DE 20). For the reasons set forth below Defendant's motion will be granted.

## I. BACKGROUND

On January 19, 2016, CycleBar removed this action from the Fayette Circuit Court. (DE 1.) With its Complaint, Boutique Fitness sought damages in excess of $2,500,000 for lost profits and detrimental reliance following CycleBar's refusal to make Boutique Fitness its franchisee in the St. Louis area. (DE 1-1 at 3–6.) In September of 2015, CycleBar entered into negotiations with Boutique Fitness regarding the possibility of granting a 10-year franchise to Boutique Fitness for an indoor cycling studio in the St. Louis area. (DE 1-1 at 3.) During a November 11, 2015, "Closing Call" Boutique Fitness's members signed a Franchise Agreement (the "Agreement") and CycleBar allegedly represented that its executives "had executed the Franchise Agreement immediately." (DE 12 at 1.) However, two days later, CycleBar's general counsel informed Boutique Fitness that it had decided

not to grant Boutique Fitness a franchise, stated that CycleBar would be refunding Boutique Fitness's franchise fees, and attached a voided copy of the Agreement signed only by Boutique Fitness's members. (DE 1-1 at 72.)

CycleBar filed a motion to dismiss on January 26, 2016. (DE 9-1). CycleBar argued that there was no enforceable franchise agreement between the parties because the agreement was never signed by CycleBar and was marked "void" on every page. (DE 13). This Court dismissed six of seven counts with prejudice and granted Boutique Fitness leave to amend the remaining fraudulent/negligent misrepresentation count. (DE 15). The original dismissal of this count was primarily based upon Boutique Fitness's failure to plead with particularity a causal relationship between CycleBar's alleged misrepresentations and any injury it suffered. (DE 15 at 8.) However, this Court also noted its concern that any reliance on the alleged misrepresentation would have been unreasonable. (DE 15 at 8 n.3.) The veracity of any claim that the agreement was executed was independently verifiable via the electronic contract transfer service utilized by both parties. (DE 15 at 8 n.3.) Thus, a prima facie valid misrepresentation claim would require: (1) an allegation that reliance on the alleged misrepresentation was reasonable notwithstanding the apparent availability of actual signatory information; and (2) a particularized allegation of an injury that occurred prior to Boutique Fitness's receipt of CycleBar's rejection, and that was traceable to the misrepresentation.

On June 2, 2016, Boutique Fitness filed an amended complaint, stating that it "expended tremendous resources in furtherance of its contractual relationship with CycleBar . . . in amount not exceeding $74,383.79." (DE 16 at 3.) Subsequently, Boutique Fitness filed the instant motion, alleging that the amended complaint suffers from the same deficiencies as the original. (DE 20-1.)

## II. ANALYSIS

### A. STANDARD OF REVIEW

A court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff fails to provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true, but the factual allegations must "raise a right to relief above the speculative level." *Id.* at 555. The complaint must "contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (internal quotation marks omitted). Failure to include plausible factual allegations for all material elements necessary for recovery warrants dismissal. *Id.*

### B. MISREPRESENTATION CLAIMS

Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") creates heightened pleading standards for fraud claims. "Under this rule, a plaintiff must specify 1) what the fraudulent statements were, 2) who made them, 3) when and where the statements were made, and 4) why the statements were fraudulent." *Morris Aviation, LLC v. Diamond Aircraft Indus., Inc.*, 536 F. App'x 558, 562 (6th Cir. 2013) (internal citation omitted). This Circuit's precedent counsels application of Rule 9(b)'s fraud pleading requirements to both negligent-misrepresentation and fraudulent-misrepresentation claims. *Id.* This Court previously found that Boutique Fitness satisfied three of the four elements necessary to state a fraud claim. The issue now before the Court is whether the amended complaint cures Boutique Fitness's deficiency in pleading the fourth element.

Rule 9(b)'s fourth element is more stringent than the first three. Whether a given plaintiff has adequately alleged fraud, must be analyzed in the context of the particular claim asserted. To plead fraudulent misrepresentation in Kentucky, a plaintiff must allege:

> (1) that the declarant made a material representation to the plaintiff, (2) that this representation was false, (3) that the declarant knew the representation was false or made it recklessly, (4) that the declarant induced the plaintiff to act upon the misrepresentation, (5) that the plaintiff [reasonably] relied upon the misrepresentation, and (6) that the misrepresentation caused injury to the plaintiff.

*Flegles, Inc. v. TruServ Corp.*, 289 S.W.3d 544, 548–49 (Ky. 2009). The Court previously found the first four elements of this claim satisfied by the original complaint.

Boutique Fitness's amended complaint adds a single paragraph that, it claims, provides the necessary specificity to support its claim of injury caused by CycleBar's alleged misrepresentation. (DE 21 at 3.) However, neither the amended complaint nor Boutique Fitness's response to the instant motion sets forth a causal relationship between the alleged misrepresentation and an injury during the two day period within which reliance upon that misrepresentation could possibly have been justified. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003) ("The Sixth Circuit interprets Rule 9(b) as requiring plaintiffs to allege . . . the injury resulting from the fraud.") (internal quotation omitted).[1]

The amended complaint states that Boutique Fitness relied upon CycleBar's representations to expend "tremendous resources in furtherance of its contractual relationship with CycleBar; including, without limitation, monies paid to [its] employees . . . and travel expenses associated with meeting with CycleBar in an amount not exceeding $74,383.79." (DE 16 at 3.) What this addition fails to include is any *specific* allegation that

---

[1] Given this deficiency, it is unnecessary for the Court to address Boutique Fitness's additional failure to allege that its reliance "in fact" was reasonable under the circumstances. (DE 16 at 4; DE 21 at 5.)

4

Boutique Fitness was induced to pay salary or travel expenses during the two day period when reliance might have been reasonable—from November 11, 2015, the date of the alleged misrepresentation until November 13, the date CycleBar notified Boutique Fitness that the contract had not and would not be executed. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("a "formulaic recitation of the [causation] element[] . . . will not do."). Boutique Fitness does not indicate that it took any affirmative steps based on the statement that the contract had been signed. For example, Boutique Fitness does not claim that the alleged misrepresentation caused it to hire employees, enter into contracts, or to improve space. Rather, it merely summarily states that it paid its employees and incurred travel expenses, which appear to be ordinary routine business expenses.

Because Boutique Fitness fails to allege a nexus between any purported misrepresentation and any specific injury it suffered with reasonable particularity, the amended complaint will be dismissed. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud . . . a party must state with particularity the circumstances constituting fraud[.]).

Accordingly, **IT IS ORDERED** as follows:

1. Defendant's Motion to Dismiss (DE 20) is **GRANTED**; and
2. This matter is **DISMISSED WITH PREJUDICE** and **STRICKEN** from this Court's active docket.

Dated August 18, 2016.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY